# United States Court of Appeals
## For the First Circuit

No. 02-1817

JAMES ALVES and HILLEL STAVIS, INDIVIDUALLY
AND ON BEHALF OF A CLASS OF PERSONS SIMILARLY SITUATED,

Plaintiffs, Appellants,

v.

HARVARD PILGRIM HEALTH CARE, INC., HARVARD PILGRIM
HEALTH CARE OF NEW ENGLAND, INC., A MASSACHUSETTS CORPORATION,
HARVARD PILGRIM HEALTH CARE OF NEW ENGLAND, INC.,
A RHODE ISLAND CORPORATION, HARVARD VANGUARD MEDICAL
ASSOCIATES, INC., and PILGRIM HEALTH CARE, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Lipez, Circuit Judges.

Edward D. Rapacki with whom Ellis & Rapacki LLP and Stuart T.
Rossman, National Consumer Law Center, were on brief for
appellants.
Michael Arthur Walsh with whom Jennifer J. Aresco, Sandy Se
Young Shen and Choate, Hall & Stewart were on brief for appellees.

January 21, 2003

**Per Curiam**.  In this case, two plaintiffs brought an action under ERISA, 29 U.S.C. § 1001 et seq. (2000), on behalf of themselves and class members, against the sponsors of several employee health benefit plans and, in one case, against a related non-profit entity that provides prescription medication to employees covered by one of the plans.  The plans have fixed "copayment" requirements (e.g., $5.00 per prescription), and, in some instances, the required copayment exceeds the actual cost of the medication to the plan (although in many others the drugs are far more expensive than the copayment).

The gist of the plaintiffs' claim is that whenever the copayment exceeds the actual cost of the prescribed medicine to the plan, the excess represents money wrongly taken from the beneficiary, comprising a violation of the terms of the plan, a breach of fiduciary duty and/or affirmative misrepresentation.  In a thorough and well-reasoned opinion, Judge Saris found that the plans clearly described what beneficiaries had to pay and that there was neither a breach of fiduciary duty nor any affirmative misrepresentation.  Alves v. Harvard Pilgrim Health Care, Inc., 204 F. Supp. 2d 198 (D. Mass. 2002).

We agree with the district court's admirable discussion of the merits and see no reason to add anything more than our endorsement.  Standing objections were raised by the defendants in the district court and rejected by Judge Saris, but these

objections have not been reasserted on appeal and raise no jurisdictional bar, so we do not comment upon them.  Like the district court, we agree that there is no reason to address the complicated question of what remedies might be appropriate for various alleged violations because in this instance there was no violation at all.

Affirmed.